IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-3311-D

EMMANUEL LEE MCGRIFF EL,          )
                                  )
                  Plaintiff,      )
                                  )
        v.                        )          ORDER
                                  )
CENTRALIZE INFRACTION             )
BUREAU, et al.,                   )
                                  )
                  Defendants.     )

Emmanuel Lee McGriff El ("plaintiff" or "McGriff El"), has numerous pending misde-

meanor and felony criminal charges in Wayne County, North Carolina, including several counts of

breaking and entering, larceny, and possession of stolen property. See N.C. Admin. Office of the

Courts, Court Date Query, https://www.nccourts.gov/ court-dates (search by "McGriff,E") (last

visited Nov. 16, 2022). On August 15, 2022, McGriff El, a pretrial detainee proceeding pro se and

in forma pauperis, filed a "legal notice of removal from municipal court to federal court" of his

pending state court criminal charges [D.E. 1, 4, 8]. As explained below, the court dismisses the

action as frivolous.

I.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court

must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon

which relief may be granted." 28 U.S.C. §§ 1915A(a)–(b)(1). A frivolous case "lacks an arguable

basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous

claims are based on an indisputably meritless legal theory and include claims of infringement of a

legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192–93 (4th Cir. 2009).

Under 28 U.S.C. § 1443(1), a defendant subject to a criminal prosecution in state court may remove the action to federal court when the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Removal under section 1443(1) is limited to the rare situations in which a defendant cannot enforce the right to racial equality in state courts. See, e.g., Johnson v. Mississippi, 421 U.S. 213, 219–24 (1975); City of Greenwood v. Peacock, 384 U.S. 808, 831–35 (1966); Georgia v. Rachel, 384 U.S. 780, 788, 800–04 (1966); Frinks v. North Carolina, 468 F.2d 639, 641–43 (4th Cir. 1972); North Carolina v. Grant, 452 F.2d 780, 782 (4th Cir. 1972) (per curiam); South Carolina v. Moore, 447 F.2d 1067, 1070–72 (4th Cir. 1971); Virginia v. Jones, 367 F.2d 154, 155 (4th Cir. 1966) (per curiam); Virginia v. Wallace, 357 F.2d 105, 105–06 (4th Cir. 1966) (en banc).

2

McGriff El has failed to plausibly allege the circumstances required for removal under section 1443(1). See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In opposition, McGriff El cites the "Treaty of Peace and Friendship[,]" the typing of his name on court documents in all capital letters, the "Universal Declaration of Human Rights[,]" and provisions of the Uniform Commercial Code, and McGriff El seeks the dismissal of his pending criminal charges and millions of dollars in monetary damages. Compl. at 1–28. Courts (including this one) have overwhelmingly rejected such "sovereign citizen" arguments. See, e.g., Brown-Bey v. North Carolina, No. 5:17-CT-3253-D, 2018 WL 7001457, at *1 (E.D.N.C. Sept. 27, 2018) (unpublished); report and recommendation adopted by 2019 WL 165697 (E.D.N.C. Jan. 9, 2019) (unpublished); Gatling-Bey v. Kennedy, No. 5:18-CT-3043-D, 2018 WL 9669768, at *2 (E.D.N.C. Sept. 17, 2018) (unpublished) (collecting cases), aff'd, 754 F. App'x 222 (4th Cir. 2018) (per curiam) (unpublished); Marrero v. Warden, No. 5:17-HC-2020-BO, 2017 WL 4112282, at *1 (E.D.N.C. May 23, 2017) (unpublished), aff'd, 693 F. App'x 266 (4th Cir. 2017) (per curiam) (unpublished); Rowe v. Pennsylvania, No. 14-2702, 2014 WL 2805239, at *1 (E.D. Pa. June 20, 2014) (unpublished); McCullough v. United States, No. 3:11CV176, 2011 WL 3652332, at *2 (E.D. Va. Aug. 18, 2011) (unpublished); Crawford v. United States, No. 09-3078-RDR, 2009 WL 1657546, at *1 (D. Kan. June 12, 2009) (unpublished). McGriff El's alleged status as an "Aboriginal Indigenous Moorish American" does not immunize him from the laws of the United States. See, e.g., Brown-Bey v. Hooks, No. 1:18-cv-15-FDW, 2018 WL 576309, at *1 (W.D.N.C. Jan. 26, 2018) (unpublished), appeal dismissed, No. 18-6140, 2018 WL 3825309 (4th Cir. Apr. 3, 2018) (per curiam) (unpublished); Cunningham-El v. Whitener, No. 5:10-cv-194-RJC, 2012 WL 137876, at *1 (W.D.N.C. Jan. 18, 2012) (unpublished); Headen-El v. Keller, No. 1:11CV590, 2011 WL 3568282, at *2 (M.D.N.C. Aug. 15, 2011) (unpublished); Caldwell v. Wood, No. 3:07CV41, 2010 WL

3

5441670, at *17 (W.D.N.C. Dec. 28, 2010) (unpublished). Thus, the court dismisses the action as frivolous.

## II.

In sum, the court DISMISSES the action as frivolous under 28 U.S.C. § 1915A(b)(1). The clerk shall close the case.

SO ORDERED. This 16 day of November, 2022.

JAMES C. DEVER III
United States District Judge

Case 5:22-ct-03311-D-RJ   Document 9   Filed 11/16/22   Page 4 of 4